Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>**Recurrido**<br><br>V.<br><br>CARLOS HERNÁNDEZ DOMINGUEZ<br><br>**Peticionario** | TA2025CE00848 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Criminal Núm.<br><br>D ST2025G0087<br><br>Sobre:<br><br>A215/FALSIFICACION LIC/CRTF/OTRDCMN TCN |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2026.

El 2 de diciembre de 2025, el Sr. Carlos Hernández Domínguez (señor Hernández o peticionario) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Resolución* que se emitió el 3 de noviembre de 2025 y se notificó el 4 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI declaro No Ha Lugar la solicitud de desestimación que presentó el peticionario al amparo de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R.64(p).

Por los fundamentos que expondremos a continuación, *denegamos* el recurso de epígrafe.

I.

Por hechos ocurridos el 20 de enero de 2025 en el Municipio de Cataño, el Ministerio Público (parte recurrida) presentó ante el TPI una denuncia contra el señor Hernández por infringir el Art. 215 del de la Ley Núm. 146-2012, según enmendada, también conocida

como *Código Penal de Puerto Rico de 2012,* 33 LPRA sec. 5285 (Código Penal), relativo a la falsificación de licencia, certificado y otra documentación. El 11 de febrero de 2025, el TPI determinó causa para arresto por dicho delito. Posteriormente, el 17 de marzo de 2025, se celebró la vista preliminar, en la cual el TPI encontró causa probable para acusar al señor Hernández por violación al Art. 215 del Código Penal, *supra.* En consecuencia, el 20 de marzo de 2025, el Ministerio Público presentó la acusación correspondiente y el acto de lectura de acusación se llevó a cabo el 27 de marzo de 2025.[1]

Tras varios trámites procesales, el 15 de agosto de 2025, el peticionario presentó una *Moción de Desestimación bajo la Regla 64(p) de las de Procedimiento Criminal.*[2] Allí expuso que, en la vista preliminar, la prueba del Ministerio Público consistió únicamente en el testimonio del agente Ángel Milán Rodríguez, de la División de Drogas Metropolitana. Sostuvo que, según el agente declaró, mientras realizaba vigilancias junto a su compañero el 20 de enero de 2025 en el municipio de Cataño, observó un vehículo Toyota Yaris color rojo, tablilla JKT-787, cuya numeración aparentaba estar alterada. Añadió que, el agente relató que, al requerir la documentación del vehículo, la tablilla consignada en los documentos aparecía como JKT-767 y no como JKT-787. Asimismo, indicó que el testimonio del agente estableció que ambos ocupantes que se encontraban dentro del vehículo fueron arrestados y el vehículo fue ocupado y transportado a la División de Drogas.

Expresó que, posteriormente, la Fiscalía solo presentó cargos en su contra a pesar de que, conforme a la prueba desfilada, surgía que él no era el dueño registral del vehículo. Alegó que no había evidencia de que hubiese alterado la tablilla ni de que hubiese realizado admisión alguna al respecto. Ante ello, argumentó que la

---

[1] *Véase,* Entrada Núm. 4 del apéndice del recurso, SUMAC TA.
[2] *Véase,* Entrada Núm. 5 del apéndice del recurso, SUMAC TA.

prueba presentada no demostró que él fuese el autor de la alteración ni que tuviera dominio, control o algún derecho propietario, usufructuario o de otro tipo sobre el vehículo. Sostuvo que era un mero poseedor al momento de la intervención y que entregó la documentación legítima —original o copia irrefutable emitida por el Departamento de Transportación y Obras Públicas— sin evidencia de alteración alguna. Este hecho, a su entender, descartaba la existencia de ánimo de defraudar.

Asimismo, señaló que no obtuvo beneficio alguno de la presunta alteración, pues los derechos del vehículo ya estaban pagados y no existía gravamen. Argumentó que cualquier obligación presente o futura recaería sobre el dueño registral, no sobre él. Por ello, sostuvo que no podía inferirse intención de frustrar la aplicación de la ley sin evidencia que vinculara su conducta con la modificación de la tablilla. Manifestó que, a diferencia del caso *Pueblo v. Flores Betancourt,* 124 DPR 867 (1989), en este caso existía ausencia total de prueba que demostrara participación suya en la alteración del documento vehicular. Por los motivos antes expuestos, solicitó que se desestimara el pliego acusatorio en su contra.

En respuesta, el 12 de septiembre de 2025, el Ministerio Público presentó una *Oposición a Moción de Desestimación* […].[3] De entrada, sostuvo que la moción del señor Hernández carecía de fundamento. Señaló que, en la vista preliminar, presentó el testimonio del agente interventor, Ángel Milán Rodríguez, quien estableció que el acusado era quien tenía la posesión, control y dominio del vehículo cuya tablilla había sido alterada. Expuso que la modificación de la tablilla JKT-767 para que leyera JKT-787,

---

[3] *Véase,* Entrada Núm. 6 del apéndice del recurso, SUMAC TA.

mediante la alteración del número 6 al número 8, constituía un acto intencional realizado mediante treta con el propósito de engañar.

Enfatizó que, en una vista preliminar no está obligado a presentar toda la prueba disponible, sino únicamente aquella suficiente para llevar a creer que el acusado cometió el delito imputado. Afirmó que este asunto no tenía remedio bajo la Regla 64(p) de Procedimiento Criminal, *supra*, dado que la determinación de causa probable gozaba de una presunción de corrección. Resaltó que el magistrado que presidia la vista era quien evaluaba directamente la credibilidad de los testigos, por lo que su determinación no debía ser intervenida salvo ausencia total de prueba, circunstancia que no ocurría en el presente caso.

Expresó que, al evaluar una solicitud de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*, el análisis se limitaba a determinar si existió ausencia total de prueba tendente a demostrar los elementos del delito y la conexión del acusado con este. A su juicio, la prueba presentada, particularmente el testimonio del agente Milán, fue suficiente para establecer la probabilidad de que se perpetrara la conducta tipificada en el Art. 215 del Código Penal, *supra*, que requiere la posesión, uso o circulación de un documento falsificado o alterado con el propósito de defraudar.

Finalmente, indicó que la defensa repitió los mismos planteamientos que ya fueron presentados en la vista preliminar, y que el Tribunal evaluó y rechazó al determinar causa para acusar. En vista de lo anterior, concluyó que el peticionario no tenía derecho al remedio solicitado y solicitó que la moción fuese denegada sin trámite ulterior.

Atendidos los escritos presentados, el 1 de octubre de 2025, el TPI emitió una *Resolución* que se notificó el 2 de octubre de 2025.[4] En primer lugar, puntualizó que, en este caso, el señor Hernández solicitó la desestimación de la acusación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*, alegando ausencia total de prueba sobre los elementos del delito tipificado en el Art. 215 del Código Penal, *supra*. Luego, examinó dicho artículo y repasó sus elementos, incluyendo el requisito de actuar con el propósito de defraudar, a sabiendas de la falsedad o alteración del documento. Asimismo, destacó las definiciones aplicables del Art. 14 del Código Penal, 33 LPRA sec. 5014 y las disposiciones pertinentes de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como *Ley para la Protección de la Propiedad Vehicular*, 9 LPRA sec. 3201 nota, *et seq.* (Ley Núm. 8), particularmente las inferencias permisibles cuando un vehículo exhibía alteraciones en su tablilla.

Por otro lado, resumió la prueba presentada en la vista preliminar, la cual consistió exclusivamente en el testimonio del agente Ángel Millán Rodríguez. Indicó que, según la declaración del agente, intervino con el acusado al observar que la tablilla del vehículo que este conducía presentaba una alteración visible en el número ocho. Sostuvo que el agente identificó al imputado como conductor, recibió la documentación del vehículo —que consignaba la tablilla JKT-767— y procedió al arresto. Expresó que se admitieron en evidencia la tablilla alterada, la licencia del vehículo y certificaciones de DTOP, las cuales corroboraron que la tablilla JKT-787 pertenecía a un vehículo distinto y que el número había sido modificado utilizando una pegatina negra. Señaló que también surgió que el acusado no era el dueño registral, pero sí se encontraba en posesión del vehículo.

---

[4] *Véase*, Entrada Núm. 7 del apéndice del recurso, SUMAC TA.

En vista de lo anterior, concluyó que la prueba presentada establecía la probabilidad de que se configuraran los elementos del Art. 215 del Código Penal, *supra*, y la conexión del acusado con el delito. Además, destacó, que la Ley Núm. 8, *supra*, permitía inferir conocimiento personal cuando la tablilla de un vehículo estaba alterada. Determinó que no existía ausencia total de prueba y que el Ministerio Público demostró la probabilidad de que se hubiera cometido el delito imputado y que el imputado lo hubiese cometido. En virtud de estos fundamentos, denegó la solicitud de desestimación presentada por el acusado al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*.

En desacuerdo con esta determinación, el 15 de octubre de 2025, el peticionario presentó una solicitud de reconsideración.[5] Evaluada la solicitud de reconsideración, el 3 de noviembre de 2025, el TPI dictó una *Resolución* que se notificó el 4 de noviembre de 2025 denegando la solicitud de reconsideración presentada por el señor Hernández.[6] Aún inconforme, el 2 de diciembre de 2025, el señor Hernández presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA ACUSACIÓN AUN CUANDO EL ESTADO NO PRESENTÓ PRUEBA DE LOS ELEMENTOS DEL DELITO DURANTE LA VISTA PRELIMINAR.**

Atendido el recurso, el 8 de diciembre de 2925, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 15 de diciembre de 2025 para presentar su postura en cuanto al recurso. Oportunamente, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, presentó una *Solicitud de Desestimación* en la que argumentó que el señor Hernández impugnó la suficiencia de la prueba, pero no incluyó en

---

[5] *Véase*, Entrada Núm. 8 del apéndice del recurso, SUMAC TA.
[6] *Véase*, Entrada Núm. 9 del apéndice del recurso, SUMAC TA.

su recurso la regrabación de los procedimientos ni ningún medio que permitiera al Tribunal de Apelaciones revisar la prueba oral presentada en la vista preliminar. Planteó que, dado que el dictamen recurrido se fundamentaba precisamente en dicha regrabación, este foro no podía ejercer adecuadamente su función revisora, conforme a lo resuelto en *Pueblo v. Pérez Delgado Pérez Delgado,* 211 DPR 654 (2023). Sostuvo que esta omisión vulneraba la Regla 29 de nuestro reglamento y constituía una deficiencia grave en el perfeccionamiento del recurso, ya que se omitieron documentos esenciales e indispensables que debieron incluirse como parte del apéndice. En consecuencia, concluyeron que el peticionario incumplió crasamente con la Regla 34 de nuestro reglamento y, por ende, procedía la desestimación del recurso.

Atendida la solicitud de desestimación, la declaramos No Ha Lugar. Sin embargo, le ordenamos a la Coordinadora de Grabación del TPI de Bayamón a que nos remitiera el enlace con la regrabación de la vista preliminar que se celebró el 17 de marzo de 2025 en el caso núm. DST2025G0008. En cumplimiento con nuestra orden, el 9 de enero de 2025, la Coordinadora de Grabación nos remitió el enlace antes mencionado.

Posteriormente, se le concedió al Procurador General de Puerto Rico hasta el 20 de enero de 2026 para presentar su posición en cuanto al recurso. Oportunamente, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución* y negó que el TPI cometiera el error que el señor Hernández le imputó.

Evaluada la regrabación y con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de

derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR ____ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* y evaluada la bien fundamentada *Resolución* del TPI, no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

### IV.

Por los fundamentos antes expuestos, **denegamos** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                                    Lcda.  Lilia M. Oquendo Solís
                              Secretaria del Tribunal de Apelaciones